James H. Boomer, J.
Petitioners, recipients of public assistance, bring this article 78 proceeding to review the determina *298 tion of the Commissioner of Social Services in fixing the schedule of heating allowances.
Respondent, prior to answer, has made objections in point of law. The first objection is that the petition does not state a cause of action and must, therefore, be dismissed under CPLR 3211, subd. [a], par. 7). When an attack is made upon a pleading without the submission of evidentiary material, the pleading will be liberally construed and ‘ ‘ deemed to allege whatever can be implied from its statement by fair intendment and the whole of it must be considered.” (Kober v. Kober, 16 N Y 2d 191, 193; see, also, Cohn v. Lionel Corp., 21 N Y 2d 559, 562.) It can reasonably be implied that the petition, taken as a whole, alleges that the determination of the commissioner in fixing the heating allowances was unreasonable and arbitrary since the scheduled allowances are substantially inadequate to meet the cost of fuel for heating.
The determination of the level of public assistance is ordinarily a legislative matter not subject to review by the courts. The Legislature has determined the level of public assistance by setting forth in section 131-a of the Social Services Law a ‘ ‘ standard of monthly need ’ ’. Therein a fixed dollar amount of monthly need is given for each person or family depending upon, the number of persons in the household. That section goes on to .say, ‘ ‘ In addition to the above, the standard of need shall include amounts for shelter and fuel for heating”. Nowhere in the statute (Social Services Law) do we find any provision fixing the amounts for fuel for heating, or specifically stating who shall fix the amounts and what guidelines shall be used.
The Commissioner of Social Services has by regulation promulgated a schedule of fuel allowances (18 NYCRR 352.5) which vary from county to county. Effective February 1, 1974, he amended the schedule generally increasing the allowances. Presumably the commissioner has fixed the fuel allowances under the general rule-making power delegated to him by the Legislature (Social Services Law, § 20, subd. 3, par. [d]; § 34, subd. 3, par. [f]).
But the Legislature may not delegate its legislative powers. To avoid the constitutional prohibition against a pure delegation of legislative power, there must be standards set which the commissioner must follow (Darweger v. Staats, 267 N. Y. 290, 305; Packer Coll. Inst. v. University of State of New York, 298 N. Y. 184, 189-190; McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 3). An administrative agency may be empowered to determine what is “ necessary ”, “appropriate”, “fit” or *299 11 suitable ”, “ sufficient ”, “ equitable ” or “ reasonable, ’ ’ for specified purposes (1 N. Y. Jur., Administrative Law, ,§ 54). Standards not specifically set out in the legislation may be implied. ‘ ‘ Impliedly the power was subject to the limitation that it might not be exercised arbitrarily.” (Matter of Mandel v. Board of Regents, 250 N. Y. 173, 176-177.) And the word ‘1 reasonable ’ ’ has been implied to validate an otherwise unconstitutional delegation of legislative power (Matter of Trustees of Village of Saratoga Springs v. Saratoga Gas, Elec. Light and, Power Co., 191 N. Y. 123, 146-147).
What are the standards circumscribing the discretionary power delegated to the commissioner to fix the amounts of fuel allowances? This power must be exercised reasonably and not arbitrarily. Since the allowance is one for fuel for heating, the amount fixed, to be reasonable and not arbitrary, must bear a reasonable relationship to the cost of and the need for fuel.
Since the discretionary power granted to the commissioner is not nnbridled, the exercise of that power is subject to review by the courts to determine if it has been exercised within the standdards imposed or implied. ‘ ‘ A discretionary power is always subject to the implied limitation that it may not be exercised arbitrarily. It must be exercised reasonably and upon a proper foundation.” (1 N. Y. Jur., Administrative Law, § 80.) The courts, however, will invalidate a rule or regulation adopted by an administrative officer ‘ ‘ only in appropriate proceedings upon proof that the rule or regulation is without rational basis and wholly arbitrary.” (Matter of Meenagh v. Dewey, 286 N. Y. 292, 306-307.)
I determine that the petition does state a cause of action for review of the regulation of the commissioner. Whether the petitioners will succeed in proving that the allowances fixed by the commissioner are without rational basis and wholly arbitrary will depend upon the proof submitted concerning the need for and the costs of fuel as well as the basis upon which the commissioner fixed the allowances.
In making this decision I do not pass upon any particular allegation in the petition whereby it is asserted that the regulation is arbitrary. For instance, I do not feel the regulation is arbitrary because it spreads the fuel allowance over 12 months rather than over the heating season. I determine only that the petition, taken as a whole, states a cause of action for review of the determination of the commissioner as being without rational basis and wholly arbitrary because it may be inferred from the allegations of the petition that the heating allowances, *300 as fixed, bear no reasonable relationship to the need for, and cost of, fuel.
The second objection in point of law is that the petitioners may not bring this proceeding until they have exhausted their administrative remedies by way of a fair hearing before the commissioner. That objection is overruled. The fair hearing procedures are “not equivalent to the remedies here sought.” (Matter of Williams v. Kurtis, 64 Misc 2d 954, 957.)
Petitioners move for an examination before trial of certain employees who are under the supervision of the commissioner. The motion is granted on the authority of Matter of Lakeland Water Dist. v. Onondaga County Water Auth. (24 N Y 2d 400, 409-410). The examination, as requested, shall proceed on ten days’ notice. However, since the attorney for the commissioner -did not have the opportunity to object to the extent of the examination, the order shall be without prejudice to the making of a motion for a protective order limiting or further defining the scope of the examination and the persons to be examined.
The respondent shall have 15 days after service of the order with notice of entry to answer and the petitioners may renotice the matter upon two days’ notice (CPLR 7804, subd. [f]).