Joseph M. O’Donnell, J.
This is a summary proceeding for possession based upon nonpayment of rent, including an additional rent item of a portion of an electric bill.
FACTS
Parties entered into a lease for a five-room apartment. The stated rent was $250, utilities not included, except it was agreed that "Landlady will pay V2 of the electric.” Petitioner testified that $200 of April rent had been paid, and that May and June rents remained unpaid, as well as the one half of the electric bill.
There was testimony of a subsequent agreement settling the *207 rent at $224, and respondent then asserts that no balance is due for April, displaying a receipt for $24 for April rent.
Petitioner concedes payment of the $200, but asserts that the modification was only for purposes of submitting same to social services, and that the agreed sum was $225. This contention was supported by a receipt for $250, with notation "Rent for her apt. begins March 1, 1976.” "Still owe $200 for security.”
A town inspector testified that the premises were in an area zoned for one-family residence only, and that there had been some consideration of the case by the office of the Town Attorney, but that no action had been taken. Dennis J. Viola, of the Suffolk County Health Department in response to subpoena, produced the records of the Suffolk County Health Department of inspections of the premises, and testified as to the conditions he found upon his inspection. The inspection and notes in the file seem to have been made by various individuals, and copies of the notices of violations allegedly sent to petitioner are included.
Included in the file is a copy of a memo addressed to Kenneth Olsen, Social Services, to wit: "This Department is currently taking legal action against owner and recommends rent be withheld.” Also a copy of a mimeographed form letter dated May 11, 1976 to petitioner to wit:
"Dear Ms. Pantalis;
"This office has recently received notice that serious health code violations exist at the premises noted above. We believe this property is within your area of responsibility. The persons) who presently reside at this address are clients of this agency.
"The purpose of this letter is to bring this situation to your attention. It is best that corrective measures begin at the earliest possible time in the interest of all persons concerned.
"We are requesting your assistance in correcting these conditions since they appear to be detrimental to the health and welfare of the occupant(s).
"Thank you for your consideration in this matter.
"Very truly yours,
K. Olsen
Housing Advisor
Brookhaven Service Center”
*208 Respondent does not dispute the nonpayment of the May and June rents, contending that she may do so pursuant to Social Services Law (§ 143-b, subd 5, par [a]), and as a violation of the warranty of habitability pursuant to section 235-b of the Real Property Law.
ISSUE
Is petitioner entitled to a judgment of rent and possession while violations of the sanitary code are in existence?
DECISION
Although zoning ordinances are enacted under the general health and welfare police power of the State conferred upon the town, the fact alone, if it were established, that the apartment violated the zoning ordinance, i.e., that the area was designated for one-family residence dwellings; would not establish per se, "conditions which are dangerous, hazardous or detrimental to health or life.”
Respondent relies on Social Services Law (§ 143-b, subd 5, par [a]): "It shall be a valid defense in any action or summary proceeding against a welfare recipient for non-payment of rent to show existing violations in the building wherein such welfare recipient resides which relate to conditions which are dangerous, hazardous or detrimental to life or health as the basis for non-payment.”
The constitutionality and effect of the statute is considered at length in Milchman v Rivera (39 Misc 2d 347, app dsmd 13 NY2d 1123, q.v.).
Social Services Law (§ 143-b; subd 5, par [c]) provides: "The defenses provided herein in relation to an action or proceeding against a welfare recipient for non-payment of rent shall apply only with respect to violations reported to the appropriate public welfare department by the appropriate department or agency having jurisdiction over violations.”
"The condition set forth in paragraph (c) of subdivision 5 of section 143-b above, is a condition precedent which must be complied with before the defense is operative.” (Mid Is. Collision v Fiore, 56 Misc 2d 963, 964.)
There is no evidence to indicate that notice of any specific violations was reported to the public welfare department. The cryptic memo is subject to innumerable interpretations, and the mimeographed letter is general enough to be meaningless. *209 The statute says the defense is a violation that is actually reported. Absent any evidence that a specific violation was actually reported, the defense is unavailable to respondent.
Respondent relies on the warranty of habitability as expressed in Tonetti v Penati (48 AD2d 25), and embodied into section 235-b of the Real Property Law. The existence of the conditions is in evidence through the records of the Health Department. (See Milchman v Rivera, supra.) The failure to provide hot water is deemed a condition dangerous to the health of the tenant. Not all interruptions in hot water are attributable to the landlord. A reading of the Health Department’s report indicates a failure of the tenant to provide oil for the burner — tenant’s responsibility — was the cause of interruption, and on other occasions, water services were interrupted by a plumber called by landlord to repair leaks in tenant’s apartment. Some of the interruptions can only be laid to the responsibility of the landlord.
The remedy for the breach is left to the court to devise (see the Governor’s message accompanying the signing of section 235-b). Rescission would be available had tenant moved. Such is not the case. Damage would be readily ascertainable if the wrong were capable of repair by tenant upon notice to landlord, in which case tenant could be reimbursed for the cost of the repair.
The relationship of landlord and tenant in this case has been less than idyllic. The landlord has defaulted on her contract, inexcusably, in some instances, but she has not defaulted to the extent that she has lost all right to recover. (Triple M Roofing Corp. v Greater Jericho Corp., 43 AD2d 594.) Based upon the evidence before it, the court awards damages to the tenant in the total amount of $50, which shall be by way of abatement in the amount of the rent due.
Based upon the credible evidence, including the admission of the landlord, the court finds the rent to be $225 per month, and with the continued proviso that the landlady would pay one half of the electric bill; that the April rent was paid; that there remains outstanding rents for May, $225, and June, $225, together with $42.60 for the electric bill.
It is further the opinion of the court that continued failure to supply hot water is deleterious to the health of the tenant, and therefore, the proceedings to dispossess the tenant are hereby stayed (Real Property Actions and Proceedings Law, § 755, subd 1, par [b]), until an order shall be made vacating *210 said stay (Real Property Actions and Proceedings Law, § 755, subd 1, par [c]), and the tenant shall deposit with the clerk of the court the sum of $442.60, now due, being the May rent, the June rent, and one half of the electric bill, less the damages awarded herein, in accordance with the Real Property Actions and Proceedings Law (§ 755, subd 2), or in the alternative the stay may be vacated.
Upon the failure of tenant to make the aforesaid deposit with the clerk of this court, and the vacating of the stay of notice, pursuant to section 755 (subd 1, par [c]) for the nondeposit, judgment shall be entered awarding possession of the premises to the petitioner, together with a judgment for the amount of rents due, less damages; to wit $442.60.
Upon the deposit by the tenant of the $442.60, the matter shall be stayed pending the elimination of the condition, and upon elimination of the condition, and vacating the stay per section 755 (subd 1, par [c]), payment shall be made per subdivision 3 of section 755.
Respondent’s counterclaims are dismissed.