John D. Bennett, S.
Petitioner, Benjamin Beskin, seeks an order to reopen a discovery proceeding instituted on June 29, 1972 and to determine the disposition of moneys held in escrow by Charles L. Melton as attorney for the estate of Max Wegner.
Pursuant to section 143-b of the Social Services Law, the Department of Social Services in February, 1972 began withholding the rents of tenants residing at 23 Cedarhurst Avenue, Point Lookout, New York, a multiple dwelling to which Max Wegner had title. Max Wegner died intestate on March 28, 1972, leaving a widow, Marie Wegner, and two sons. On June 29, 1972 Marie Wegner, as administratrix of the estate, instituted a discovery proceeding against the Department of Social Services with respect to such withheld rents. The matter was settled out of court in August, 1972 with the Department of Social Services agreeing to release to Charles L. Melton the sum of $4,618.75 in withheld rents solely for the purpose of preventing foreclosure proceedings and repairing the premises. The department also consented to the removal of "rent withholds” and the release of rents withheld during the period of repairs, at such time as the violations were *419 removed — provided that repairs were "expeditiously commenced.” The real property, which was severely damaged by fire in December, 1972, was subsequently sold. Mortgage payments were made to prevent foreclosure and $2,618.75 remains in escrow.
The Department of Social Services was clearly authorized to withhold rent payments from the date it was notified that there were violations of law which were dangerous, hazardous, or detrimental to the life and health of welfare recipients residing at 23 Cedarhurst Avenue (Farrell v Drew, 19 NY2d 486; Social Services Law, § 143-b, subd 2).
Section 143-b of the Social Services Law imposed no duty on the part of the Department of Social Services to permit the deposit of funds into an escrow account for the purpose of repairing the premises and preventing foreclosure. The statute does, however, preclude the department from paying withheld rents directly to the landlord in the absence of satisfactory proof that the conditions constituting violations were corrected (Williams v Kurtis, 64 Misc 2d 954; Social Services Law, § 143-b, subd 6) or consent by the tenants (Williams v Kurtis, supra).
There is no evidence that repairs were commenced during the period beginning in February, 1972 when the department invoked section 143-b of the Social Services Law and ending in December, 1972 when the premises were damaged by fire. Mrs. Wegner contends that performance of her part of the agreement was rendered impossible as a result of the fire and that she is therefore entitled to the funds which were reserved for repairs. In promises for an agreed exchange, a promisor is discharged from the duty of performing his promise if substantial performance of the return promise is impossible because of the nonexistence, destruction or impairment of the requisite subject matter (Restatement, Contracts, § 281). Since Mrs. Wegner was prevented from making repairs subsequent to the fire, the department is discharged from its contractual duty to release the funds as required for the purpose of repair.
The expressed intent of the Legislature in enacting section 143-b of the Social Services Law was to require landlords to make necessary repairs to eliminate dangerous housing conditions as a condition to the collection of rent (Farrell v Drew, supra; Social Services Law, § 143-b, subd 5; L, 1962 ch 997, § 1; see 32 Albany L Rev 509, 588). In the present case it was incumbent upon the landlord to take affirmative action to *420 remove the violations by making the necessary repairs when there was notification of the same and not as late as August, 1972 when the department, in an exercise of administrative discretion, permitted the release of withheld rents into an escrow account to provide an added incentive to the landlord to make repairs. The fact that the premises were damaged by fire does not overcome the continued existence of the violations from February until December, 1972 when the fire occurred. To permit public funds allocated for the payment of rent of welfare recipients to be turned over to the landlord when repairs were never initiated would defeat the purpose of the statute and render it ineffective.
Accordingly, the discovery is dismissed and the attorney is directed to return to the Department of Social Services the funds held by him in escrow.