■ Lloyd Moses, Respondent, v Christopher Randolph, Appellant. [653 NYS2d 214] —Mercure, J. Appeal from an order of the County Court of Saratoga County (Scarano, Jr., J.), entered June 27, 1996, which, *inter alia*, reversed a judgment of the Justice Court of the Town of Clifton Park in favor of defendant.

County Court reversed a judgment involving a small claims action brought to recover damages for the destruction of shrubs and trees allegedly belonging to plaintiff. Justice Court of the Town of Clifton Park had dismissed the claim on the ground that defendant's survey showed that the shrubbery and trees were on defendant's property and that there was no testimony as to who actually owned the trees. County Court disagreed and found that the evidence presented a fact pattern consistent with boundary by acquiescence. Based on this theory, the court concluded that the land was plaintiff's and awarded damages in the amount of $2,500 to plaintiff.

In our view County Court erred in reversing the judgment of Justice Court. The standard of review in small claims cases is limited to whether "substantial justice has not been done between the parties according to the rules and principles of substantive law" (UJCA 1807). Such cases are not to be overturned unless they are clearly erroneous (*see, Siegel v Galderisi,* 227 AD2d 857). In ruling in plaintiff's favor, County Court credited plaintiff's claim that he and the prior owners of defendant's property were in agreement as to the properties' boundary line. However, Justice Court chose to credit the evidence presented by defendant instead of plaintiff's evidence. In choosing to do so, Justice Court was resolving a question of credibility and on that basis it cannot be said that "substantial justice" was not done or that the resulting decision was "clearly erroneous". From the evidence presented, we conclude that Justice Court could have properly determined that plaintiff failed to meet his burden of proving by a preponderance of the evidence that defendant was liable to him for the damages allegedly done to the trees and shrubs (*see, Makas v Every,* 224 AD2d 793, *appeal dismissed* 88 NY2d 867).

Therefore, County Court's decision in favor of plaintiff must be reversed and the judgment of Justice Court reinstated. We also note that given this result, it is unnecessary to address plaintiff's remaining arguments.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and judgment of the Justice Court of the Town of Clifton Park reinstated.