OPINION OF THE COURT
Anthony J. Fiorella, Jr., J.
*788 Respondent moves for an order vacating the court’s judgment order of October 6, 1997 pursuant to CPLR 5015 and Social Services Law § 143-b and granting leave to interpose an amended answer; granting court-ordered inspection and setting the matter down for an abatement hearing. Motion is partially granted. To the extent that respondent now seeks to interpose an amended answer, that portion of the motion is granted. In all other respects the motion is denied.
ESSENTIAL FACTS
A review of the court file discloses that the instant motion was submitted for decision on March 12, 1998, four months after the prepared papers were signed. This matter had been adjourned six times either at respondent’s request or on consent. Seeking review at this date is clearly beyond a reasonable time for this court to seriously consider respondent’s requests.
A further review of the file clearly discloses that a request for court-ordered inspection was not submitted until February 17, 1998, again, four months after this court issued its order of October 6, 1997. Results of this court-ordered inspection disclosed that respondent failed to provide access for proper assessment of her allegations. A prior inspection of the premises was requested by the respondent for December 22, 1997.
Again, results of that court-ordered inspection proved uninformative. Respondent failed to provide access.
On August 12, 1997, the parties entered into an agreed to stipulation whereby respondent acknowledged owing $2,179 as all rent through August 1997. Petitioner was not granted a final judgment. Incorporated into said stipulation was an agreed statement that the parties would arrange access dates for repairs and petitioner agreed to comply. Respondent requested in the stipulation that repair work be done on a Saturday, which is contrary to rules and regulations of the Housing Maintenance Code, which prescribes that all repair works be done between the hours of 9:00 a.m. to 5:00 p.m., Monday through Friday. Respondent further agreed to pay the rent arrears by September 12, 1997. On August 12, 1997, respondent tendered to the court a correspondence from the New York City Human Resources Administration requesting additional time to evaluate rent arrears for her. The correspondence indicated that Department of Social Services (DSS) rental checks were being forwarded to the landlord but at the wrong address.
*789 On October 6, 1997 petitioner moved by notice of motion to amend the petition to date and for the entry of a final judgment. Petitioner’s motion was granted on consent. This court’s order provided for the entry of a final judgment in petitioner’s favor for $3,116.79. Issuance of the warrant was stayed through October 30, 1997 for respondent to pay rental arrears. Respondent was also provided at that time with a rent history to tender to DSS. Court order further provided for repair access dates on October 20 and October 21,1997, with petitioner’s agents to arrive no later than 11:00 a.m. The court notes that this proceeding was commenced in May 1997. On January 20, 1998, the court denied respondent’s order to show cause due to her failure to appear. At this juncture landlord had not obtained the issuance of the warrant. It is apparent that respondent has failed to provide access to her apartment to make any necessary repairs.
In light of the previous stated, this court declines to set this matter down for an abatement hearing. Only when it is clearly demonstrated that petitioner has intentionally neglected to comply with his obligation under law will the court direct an abatement hearing.
APPLICABLE LAW
Respondent further relies on Social Services Law § 143-b (5) (a) which simply states that it shall be a valid defense in any action or summary proceeding against a welfare recipient for nonpayment of rent to show existing violations in the building wherein such welfare recipient resides which relate to conditions which are dangerous, hazardous or detrimental to life or health as the basis for nonpayment. However, respondent has clearly overlooked one aspect of the above-mentioned law which is stated in subdivision (5) (c) and which reads as follows: “The defenses provided herein in relation to an action or proceeding against a welfare recipient for non-payment of rent shall apply only with respect to violations reported to the appropriate public welfare department by the appropriate department or agency having jurisdiction over violations”. Case law has held that the condition set forth in Social Services Law § 143-b (5) (c) is a condition precedent which must be complied with before the defense is operative. (See, Pantalis v Archer, 87 Misc 2d 205; Mid Is. Collision v Fiore, 56 Misc 2d 963.) Moreover, a careful review of the database for Code Enforcement shows a violation reported for apartment 6c which required the removal of unlawful gates from window to fire escape. According *790 to this same database a further inspection was scheduled for October 14, 1997. At that time no violations were placed.
The mere fact that reported violations exist against building premises does not ipso facto categorize the building owner as a slumlord. The Spiegel Act (Social Services Law § 143-b) has been in existence for almost 40 years with only a few reported cases.
This is indicative of how sparingly it is utilized according to current standards. If indeed there has been a reduction in building services, respondent does have an available remedy at hand, i.e., filing written complaint with the Division of Housing and Community Renewal for said reduction. The enactment of the Speigel Act was designed to protect those individuals receiving welfare assistance from abusive landlords who knowingly fail to address and remedy those conditions which are dangerous and hazardous to life and health of welfare recipients residing on the premises. (See, Matter of Wegner, 88 Misc 2d 418.) Respondent has failed to address the issues of rent arrears and her absence from the premises on two court-ordered inspections. It is also apparent to this court that she failed to provide access for alleged repairs.
CONCLUSION
Based upon the foregoing, the court denies respondent’s motion to vacate the prior judgment order of October 6, 1997, concluding that the Spiegel Act has no application to the instant set of facts as she has failed to comply with Social Services Law § 143-b (5) (c). The court directs respondent to provide access dates for completion of all repairs alleged. Repairs shall be completed within 20 days from the date of this decision. The parties are directed to resolve any potential overcharge claim. If a resolution for this issue is unattainable, respondent has an available remedy to resolve same. Execution of the warrant shall be stayed to April 9, 1998 for payment of all arrears.