■ ROMAN BRACKMAN, Appellant, v SOUTHERN TIER ABSTRACT CORPORATION, Respondent. [734 NYS2d 282] —Carpinello, J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered June 20, 2000, which affirmed a judgment of the Justice Court of the Village of Monticello in favor of defendant.

In May 1999, Yevgeny Golod made plaintiff an offer to purchase property that he owns in the Town of Liberty, Sullivan County. No formal contract of sale, however, was ever executed because one condition of the offer was not met, namely, a demonstration that the deed to the subject parcel include access rights to a nearby lake. Plaintiff thereafter filed a small claims action against defendant, the title abstract company which determined that no insurable lake rights exist in the property's chain of title. Plaintiff maintains that he is owed $3,000 in damages for "loss on a sale" because defendant erroneously determined that his property did not have legal access to the subject lake. Unfortunately, there is no indication in the record as to who, as between plaintiff and Golod, ordered the title work from defendant. Plaintiff claims, however, that they were both represented by the same attorney in the matter, Eric Groper. It is worthy to note that Groper, who is also defendant's attorney, does not deny this claim, and the sole correspondence from defendant pertaining to the subject parcel was addressed to Groper. Following dismissal of the action by Justice Court and County Court's affirmance thereof, this appeal ensued.

Respondent, and each of the lower courts in this matter, make much of the fact that plaintiff and Golod never signed a contract of sale (see, General Obligations Law § 5-703 [2]). While true, this point somewhat misses the mark. If plaintiff contracted with defendant to do title work (see, *Calamari v Grace*, 98 AD2d 74), and same was negligently performed by the latter thus resulting in damage, then plaintiff has at least stated a cognizable cause of action against defendant (see, e.g., *Trenton Potteries Co. v Title Guar. & Trust Co.*, 176 NY 65, 75; *Smirlock Realty Corp. v Title Guar. Co.*, 70 AD2d 455, 465, *mod on other grounds* 52 NY2d 179).

Nevertheless, affirmance is warranted. Even assuming that plaintiff, through Groper, contracted for the services of defendant, plaintiff failed to then prove that defendant in fact negligently performed the title search. Said differently, no

competent proof was offered by plaintiff, who was concededly the only witness to testify at trial, to establish that defendant's conclusion concerning the lack of insurable lake access was erroneous (*see, Houston v Kennedy*, 257 AD2d 858). This being the case, and noting the limited standard of review to be applied in small claims cases—" 'whether substantial justice has been done between the parties according to the rules and principles of substantive law' " (*id.*, at 858, quoting *Pierce v Pastorello*, 255 AD2d 622; *see, Makas v Every*, 224 AD2d 793, *appeal dismissed* 88 NY2d 867)—we find no basis for concluding that Justice Court's determination to dismiss the case was clearly erroneous.

Cardona, P. J., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.