■ James T. Borman, Appellant, v Gerald H. Purvis, Respondent. (Action No. 1.) James T. Borman, Appellant, v Daniel J. Cornell, Respondent. (Action No. 2.) [750 NYS2d 169] —Kane, J. Appeals (1) in action No. 1, from an order of the County Court of Schuyler County (Argetsinger, J.), entered January 29, 2001, which affirmed a judgment of the Town Court of the Town of Dix dismissing the complaint, and (2) in action No. 2, from a judgment of the County Court of Chemung County (Buckley, J.), entered March 14, 2001, which modified a judgment of the Town Court of the Town of Veteran by reinstating the complaint and entering judgment in favor of plaintiff.

In March 1999, plaintiff contracted with defendant Daniel J. Cornell whereby Cornell agreed to pay plaintiff $300 in exchange for the right to cut down and remove trees growing on plaintiff's property in the Town of Veteran, Chemung County. The parties further agreed that Cornell would have "the right to make necessary roads, skidways and landings" on plaintiff's property to remove the timber. The improvements were to be left in "an acceptable manner at the completion of the logging." Thereafter, in April 2000, plaintiff filed a small claims action against Cornell (action No. 2) in Veteran Town Court, alleging that Cornell had removed three ash trees that were not provided for in the contract and that he had left the property in an unacceptable condition. Plaintiff further sought indemnification in the amount of $3,000 for the alleged damage to his property and $112.10, representing the value of the ash trees. Veteran Town Court dismissed the complaint on the ground that plaintiff had submitted only one estimate showing the repair costs and the value of the ash trees, when at least

two estimates are required pursuant to UJCA 1804. Plaintiff appealed to Chemung County Court which modified Veteran Town Court's decision by reinstating the complaint and awarding $214 in damages and $15 in court costs to plaintiff.

In May 2000, plaintiff commenced a small claims action against defendant Gerald H. Purvis in Dix Town Court (action No. 1), alleging that Purvis had assisted Cornell in his logging activities on plaintiff's property. Dix Town Court dismissed the complaint noting that Purvis was not a party to the contract between plaintiff and Cornell and thus could not be held liable for its breach. This decision was affirmed on appeal to Schuyler County Court. Plaintiff now brings these appeals, consolidated by permission of this Court, from the order of Schuyler County Court and from the judgment rendered by Chemung County Court.

In our view, Schuyler County Court correctly affirmed the decision of Dix Town Court dismissing the complaint against Purvis in action No. 1. The standard of review in small claims cases is limited to whether "substantial justice has * * * been done between the parties according to the rules and principles of substantive law" (UJCA 1807; *see Moses v Randolph*, 236 AD2d 706, 707; *see also Brackman v Southern Tier Abstract Corp.*, 289 AD2d 630, 631, *lv dismissed* 97 NY2d 742). Judgments rendered in these matters are not to be disturbed upon judicial review "unless they are clearly erroneous" (*Moses v Randolph, supra* at 707). Guided by these principles, we find that Schuyler County Court correctly ruled that Dix Town Court's order dismissing the complaint in action No. 1 rendered substantial justice to the parties.

The gravamen of plaintiff's complaint in action No. 1 is that Purvis was guilty of breach of contract based on his damage to plaintiff's property and his unauthorized harvesting of certain trees. The record indicates, however, that Purvis was not a party to the contract between plaintiff and Cornell nor did plaintiff present any proof showing that Purvis was responsible for the damage to his property. Accordingly, we find no reason to disturb the order of Schuyler County Court, affirming the judgment dismissing the complaint in action No. 1.

Turning to the disposition of action No. 2, we find without merit plaintiff's contention that he was deprived of substantial justice because he was forced by Veteran Town Court to proceed without his attorney. The record before us reveals that the matter was adjourned from June 14, 2000 to June 28, 2000, at which time plaintiff, Cornell and Cornell's attorney appeared, but plaintiff's counsel failed to appear. Following an

unsuccessful attempt to locate plaintiff's counsel, the record reflects that plaintiff proceeded without counsel. After the case was dismissed, plaintiff's counsel wrote an ex parte letter, dated June 29, 2000, to the Veteran Town Court Justice requesting that the case be dismissed without prejudice; however, he apparently made no formal application on notice to Veteran Town Court to vacate the judgment. Significantly, plaintiff's counsel made no representation that there was additional evidence available which was not introduced at trial. Thus, based on the record before it, Chemung County Court correctly found that plaintiff waived the presence of counsel and agreed to proceed to trial.

Next, plaintiff contends that Chemung County Court erred in its modification of Veteran Town Court's decision in that it failed to award him damages in the sum of $3,000. We find, however, that Chemung County Court properly affirmed so much of Veteran Town Court's judgment as denied plaintiff damages based upon his failure to submit two or more estimates of the cost of repairs (see UJCA 1804). We also find that Chemung County Court properly reinstated the complaint and awarded plaintiff reimbursement for his previous expenditures to repair the damage to his property based upon his submission of a receipted bill for $214 for regrading the property as it constitutes "prima facie evidence of the reasonable value of such services and repairs" (UJCA 1804). Plaintiff's allegation of property damage was further supported by the submission of photographic evidence of the damage and documentary evidence that Cornell had been convicted of violating ECL 12-0501. On that basis, it cannot be said that "substantial justice" was not done or that Chemung County Court's modification of Veteran Town Court's judgment was "clearly erroneous."

Finally, we find that Veteran Town Court, as affirmed by Chemung County Court, properly declined to award plaintiff the value of the three ash trees allegedly harvested by Cornell. Pursuant to the contract, it was agreed that Cornell could harvest any trees on plaintiff's property so long as their stump size measured at least "12 inches [in] diameter." As the record indicates that the ash trees harvested by Cornell all had stumps measuring in excess of 12 inches, it cannot be said that Cornell breached the terms of the contract.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, with one bill of costs.