■ Sharon R. Ellis, Appellant, v Collegetown Plaza, LLC, et al., Respondents. [753 NYS2d 228] —Mugglin, J. Appeal from an order of the County Court of Tompkins County (Rowley, J.), entered April 17, 2001, which affirmed a judgment of the City Court of the City of Ithaca in favor of defendants.

Plaintiff, while a student at Cornell University, rented an apartment from defendant Collegetown Plaza, LLC (hereinafter defendant) for the period June 20, 1999 to June 7, 2000. When plaintiff decided to take a leave of absence from school for the spring semester, she attempted to sublet her apartment by listing with Cornell's Housing Office (hereinafter Cornell Housing). Her listing, however, was refused by Cornell Housing since defendant did not have a current certificate of compliance with the City of Ithaca Housing Code for the apartment building. Although plaintiff took other steps to obtain a subtenant, she was unsuccessful. As a result, plaintiff instituted a small claims proceeding to recover, inter alia, the rent she paid for the spring semester, contending that defendant's failure to obtain a certificate of compliance prevented her from listing the availability of her apartment as a sublet through Cornell Housing, thus depriving her of the opportunity to recoup any of her rent obligation for the spring semester. The dismissal of her claim was affirmed by County Court and plaintiff now appeals.

Since the determination that plaintiff failed to establish her claim by a preponderance of the evidence is not clearly erroneous, we affirm (*see Brackman v Southern Tier Abstract Corp.*, 289 AD2d 630, 631, *lv dismissed* 97 NY2d 742; *Houston v*

*Kennedy*, 257 AD2d 858). Although defendant may have been negligent in failing to obtain a current certificate of compliance, plaintiff's evidence fails to establish that this negligence was the proximate cause of her inability to sublet her apartment (*see Parmeter v Bedard*, 295 AD2d 779, 779-780, *lv denied* 98 NY2d 614; *Martonick v Pudiak*, 285 AD2d 935, 936). Contrary to plaintiff's argument, the record clearly establishes that sublets occurred in plaintiff's apartment building for the spring semester, despite the absence of a certificate of compliance. In fact, a person willing to sublet was located through plaintiff's efforts, but the proposed subtenant was rejected by plaintiff's female roommates because he was male.

Plaintiff's current arguments that defendant's failure to have a certificate of compliance constituted a breach of the warranty of habitability (*see* Real Property Law § 235-b) and an unreasonable withholding of permission to sublet were not raised at trial and, thus, appellate review is precluded (*see Matter of Robinson v Phillips*, 285 AD2d 779, 780; *Matter of Rivera v Goord*, 274 AD2d 813, 813). In any event, neither argument has merit. A tenant's obligation to pay rent ceases if, due to the landlord's breach of the warranty of habitability, the tenant abandons the property (*see Tonetti v Penati*, 48 AD2d 25, 30; *Pantalis v Archer*, 87 Misc 2d 205, 209). Not only did plaintiff not abandon the property, it was occupied by many other students during the spring 2000 semester despite the absence of a certificate of compliance. Moreover, the record establishes defendant's willingness to permit subletting (*see Astoria Bedding, Mr. Sleeper Bedding Ctr. v Northside Partnership*, 239 AD2d 775, 776). Likewise, we find no merit to plaintiff's assertion that the trial court made evidentiary errors and erroneous determinations regarding the credibility of witnesses. Small claims proceedings are informal by nature, not bound by the strictures of ordinary procedural and evidentiary rules, the object being to accord the parties substantial justice. Clearly, since we cannot say that substantial justice has not been done between the parties (*see Moses v Randolph*, 236 AD2d 706, 707), we have no reason to disturb County Court's order. We have examined plaintiff's remaining contentions and find them equally unpersuasive.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.