■ H.E.A.T. ENTERPRISES, Ltd., Doing Business as THE STOVERY, Respondent, v RANDY WILLETTE, Appellant. [868 NYS2d 814]—

Lahtinen, J.

Plaintiff, a company that sells and services stoves, commenced an action in Town Court seeking $536.25 from defendant, its former employee, asserting that he failed to pay for a coal stove it had sold and delivered to him. Defendant did not answer or appear, resulting in plaintiff obtaining a default judgment

against him in September 2004. In March 2006, defendant moved to set aside the default judgment contending, among other things, that he had never been served. After conducting a hearing, Town Court denied defendant's motion finding that he had been properly served and that his other arguments lacked merit. County Court affirmed Town Court's order and defendant now appeals to this Court.

The scope of appellate review of small claims cases is limited (*see* UJCA 1807; *Borman v Purvis*, 299 AD2d 615, 616 [2002]; *Scaringe v Holstein*, 103 AD2d 880, 880 [1984]). Moreover, the decision whether to vacate a default typically lies within the discretion of the trial court, and the application for such relief must be supported by a showing of a reasonable excuse and a meritorious defense (*see Acker v VanEpps*, 45 AD3d 1104, 1105 [2007]). Here, Town Court determined after a hearing that, contrary to defendant's contention, proper service had been effected, and the court also rejected defendant's argument that medications he had been taking affected his ability to respond. With key credibility issues resolved against defendant (*see Moses v Randolph*, 236 AD2d 706, 707 [1997]), the reasonable excuse element was not established. Town Court's decision to deny the motion to vacate was not an abuse of its discretion (*see Wilson's Heavy Equip. v La Vallee*, 302 AD2d 806, 806 [2003]). The remaining arguments have been considered and found unpersuasive.

Peters, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.