■ Bryn Kelsey, Respondent, v Aileen McNally, Appellant. [910 NYS2d 575]—

Stein, J. Appeal from an order of the County Court of Ulster County (Bruhn, J.), entered April 29, 2009, which affirmed a judgment of the Justice Court of the Town of Woodstock.

Defendant paid $500 to plaintiff upon entering into a commercial lease agreement.[1] Both parties agree that $250 of this amount was for the first month's rent. However, defendant contends that the remaining $250 was for the last month's rent and that no security deposit was required, while plaintiff maintains that it was to be used as a security deposit. After the termination of defendant's tenancy, plaintiff commenced this small claims action to recover the final month's rent in the amount of $250, plus $443 representing the alleged cost of repairing damage to the floor and a door of the property, for a total of $693. At trial, plaintiff acknowledged that she had not subtracted the $250 security deposit from the alleged repair costs—nor had she applied $250 toward the last month's rent —[2]and, thus, the actual amount she was seeking to recover was $443. Nevertheless, Justice Court awarded plaintiff the sum of $540, plus $10 in costs. Upon defendant's appeal, County Court affirmed the judgment and defendant now appeals.

The trial court in small claims actions is not "bound by statutory provisions or rules of practice, procedure, pleading or evidence" (UJCA 1804; *see Ellis v Collegetown Plaza*, 301 AD2d 758, 759 [2003]). Thus, "[t]he scope of appellate review of small claims cases is limited" (*H.E.A.T. Enters., Ltd. v Willette*, 57 AD3d 1025, 1026 [2008])—the only inquiry being whether "substantial justice has not been done between the parties" (UJCA 1807; *see Ellis v Collegetown Plaza*, 301 AD2d at 759). However, where, as here, the decision is clearly erroneous, it must be overturned (*see Moses v Randolph*, 236 AD2d 706, 707 [1997]; *compare Borman v Purvis*, 299 AD2d 615, 616 [2002]).

Inasmuch as plaintiff acknowledged that she was entitled to recover no more than $443 and Justice Court's judgment exceeded that amount, it is clear that the award of $540 was erroneous. Based upon our review of the record, it is evident that the only logical way that Justice Court could have arrived at an amount exceeding $443 was if it failed to account for the $250 paid by defendant at the outset of the lease term. However, tak-

1. The record does not include a copy of the lease.
2. We note that, under the circumstances, it makes no difference how the $250 paid is characterized as it may be offset against the last month's rent that defendant was undisputedly obligated to pay, leaving only the question of the cost of repairing the property damage, if any.

ing into account Justice Court's superior ability to observe witnesses and to make credibility determinations, we otherwise discern no failure to effect substantial justice between the parties (*see Moses v Randolph*, 236 AD2d at 707). It was reasonable for Justice Court to determine that a portion of the repairs was due to normal wear and tear or to plaintiff's desire to improve the space for the next tenant, as opposed to damage inflicted by defendant. Therefore, in the exercise of our authority to render judgment that we find warranted by the facts adduced at trial (*see* CPLR 5501; *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *but see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]), we reduce the judgment by $250, resulting in a total judgment of $290 plus $10 costs.

Defendant's remaining contentions have been reviewed and are unavailing.

Cardona, P.J., Peters, Rose and Malone Jr., JJ., concur. Ordered that the order is modified, on the facts, without costs, by reducing the amount awarded to plaintiff to $290 plus $10 costs, and, as so modified, affirmed.