◼ In the Matter of the Estate of TERESA M. MULLER,

Deceased. WILLIAM MULLER et al., Respondents; ROBERT O. CORINI, Appellant. [611 NYS2d 311] —In a contested probate proceeding, the proponent appeals from a decree of the Surrogate's Court, Westchester County (Emanuelli, S.), dated April 28, 1992, which, upon the Surrogate's *sua sponte* determination to direct a verdict pursuant to CPLR 4401 at the close of the proponent's evidence, dismissed the petition for probate and decreed that the decedent died intestate.

Ordered that the decree is affirmed, with costs payable by the proponent personally.

The proponent offered a document for probate which was missing the bottom portion of the page which would have contained the decedent's signature and the signatures of attesting witnesses. A testator may effect revocation of a will, *inter alia,* by an act of cutting or mutilation *(see,* EPTL 3-4.1 [a] [2] [A] [i]). The proponent conceded that he had no evidence as to how the signature was removed or where the signature was. The existence of the will in a cut and mutilated condition created the presumption that the decedent intended to revoke her will *(see, Matter of Bonner,* 17 NY2d 9, 11). The Surrogate properly refused to allow the jury to speculate on the issue of revocation and properly denied the petition for probate, as the proponent failed to adduce any evidence to rebut the presumption of revocation.

We have examined the proponent's remaining contentions and find them to be without merit. Lawrence, J. P., Copertino, Altman and Goldstein, JJ., concur.