■ NEW HORIZONS AMUSEMENT ENTERPRISES, INC., Appellant-Respondent, v LEONARD ZULLO et al., Individually and as Partners in YE OLE TERWILLIGER FARMS, Respondents-Appellants. [754 NYS2d 98] —Crew III, J.P. Cross appeals from a judgment of the Supreme Court (Lomanto, J.), entered July 25, 2001 in Schenectady County, which, inter alia, granted plaintiff's motion for a directed verdict.

On April 20, 1995, plaintiff entered into a lease with defendants for the purpose of developing a miniature golf course on defendant's property along State Route 50 in the Town of Glenville, Schenectady County. The lease contained a covenant against encumbrances and provided, inter alia, for a $10,000 refundable retainer upon execution of the agreement to be applied to the first year's rent. Monthly rental payments

were to commence within 20 days of completion of construction of the golf course and issuance of a certificate of occupancy.

A title search performed prior to execution of the lease revealed that the subject property was encumbered by a mortgage and, as a consequence, plaintiff requested subordination of that mortgage in order to protect its interest in the property. While defendants apparently were willing to accommodate plaintiff's request, for reasons unknown, subordination of the mortgage was never accomplished. In spite of the existence of the mortgage and the failure to obtain a subordination agreement, plaintiff began improving the property. However, in December 1995, plaintiff ceased work on the property, at which time it had invested approximately $63,000 in improvements.

Thereafter, plaintiff commenced this action for breach of contract, alleging causes of action for failing to have good and marketable title free of liens and encumbrances as warranted by the lease, actual eviction, constructive eviction and failure to honor plaintiff's right of first refusal for purchase of the property. Defendants answered and interposed two counterclaims seeking damages for destruction of their property and for failure to quit the premises following service of a notice of default. Both plaintiff and defendants then moved for summary judgment. Supreme Court (Lynch, J.) granted plaintiff partial summary judgment as to the first cause of action finding that defendants breached the provision of the lease warranting that the property was free of liens and encumbrances and ordered an inquest to determine the amount of damages caused thereby. The court also granted partial summary judgment to defendants dismissing plaintiff's fourth cause of action. Following a jury trial, Supreme Court (Lomanto, J.), by directed verdict, concluded that plaintiff's damages were not proximately caused by defendants' breach and, hence, awarded plaintiff nominal damages of $1 and return of its down payment. Supreme Court also dismissed plaintiff's remaining causes of action, as well as defendants' counterclaims. Both plaintiff and defendants now appeal.

Initially, we note that inasmuch as plaintiff's notice of appeal and amended notice of appeal limit this appeal to only that part of Supreme Court's judgment relating to the amount of damages awarded, it has waived its right to appeal from that portion of the judgment dealing with application of the equitable principle of "unclean hands," as well as that portion of the judgment dealing with the issues of actual and/or constructive eviction (*see Ferguson Elec. Co. v Kendal at Ithaca*, 284 AD2d 643, 644). Were we to reach these issues, however, we would find plaintiff's arguments to be lacking in merit.

Plaintiff primarily contends that Supreme Court erred in concluding that it was not entitled to damages for the improvements made to the property. We disagree. The record makes plain that plaintiff knew or should have known of the existence of the mortgage on the leased property by reason of the report of the title search company, which was prepared and delivered prior to execution of the lease, as well as plaintiff's actual knowledge of the mortgage, which was acquired shortly after the execution of the lease and before plaintiff commenced improvements on the real property. Under such circumstances, defendants' breach of the contract clearly was not a proximate cause of the damages claimed.

We also are persuaded that Supreme Court correctly dismissed defendants' counterclaims for failure to prove by competent admissible evidence the damages allegedly suffered. The only testimony as to the damage caused by the alleged destruction of the property was "about four—three, four thousand dollars" and, with regard to the loss of business, "about 25,000." Aside from these ambiguous and less than certain figures, defendants adduced no testimony via an expert or through their own business records as to the damages alleged.

Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.