■ VICTOR FELLION et al., Appellants, v MICHAEL B. DARLING et al., Respondents. [789 NYS2d 541]—

Spain, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered June 5, 2003 in St. Lawrence County, which granted defendants' motion for a directed verdict at the close of plaintiff's case.

Defendants Michael B. Darling, Norma F. Darling, Jeffrey L. Darling and Barbara Darling were the sole officers, directors and shareholders of two corporations, defendant Econo Fuels, Inc. and plaintiff Trans Fuel Express, Inc. Econo Fuels was in the business of providing retail delivery of home heating fuel, as well as some wholesale distribution of gasoline and kerosene to gas stations, which included hauling in large quantities the petroleum products it needed for distribution in its own wholesale/retail business. Trans Fuel was primarily involved in hauling liquid petroleum products for Econo Fuels and other businesses for wholesale and retail distribution. On September 8, 1995, defendants sold Trans Fuel to plaintiffs Victor Fellion and James Vaincourt.

The transaction involved an agreement whereby Fellion and Vaincourt purchased all of the stock and assets of Trans Fuel. In conjunction with the purchase agreement, the parties entered a transportation agreement by which Econo Fuels guaranteed to offer Trans Fuel contracts for meeting part of its hauling needs at a minimum of 4.5 million gallons of petroleum product each year for five years. The transportation agreement also provided that Trans Fuel would give Econo Fuels first priority for its services during certain hours. Between the September 1995 closing and April 1996, Econo Fuels contracted with Trans Fuel to haul over 3.5 million gallons of petroleum product. During this same period, Econo Fuels continued to haul—for its own distribution—additional petroleum product, including product from Canadian suppliers.

During the first year following its transfer, Trans Fuel was not operating profitably and, claiming harm due to defendants' allegedly improper hauling activities, plaintiffs commenced this action. The complaint contained eight causes of action seeking rescission as well as damages for breach of contract, intentional interference with a contractual relationship, fraud, conversion, punitive damages, conspiracy and promissory estoppel. A bench trial ensued. At the close of the plaintiffs' case, Supreme Court granted defendants' motion for judgment as a matter of law (see CPLR 4401). On plaintiffs' appeal, we affirm.

"[A] court may grant a motion for a directed verdict where, based on the evidence presented, there is no rational process by which [the trier of fact] could find for the nonmoving party" (*Clemente v Impastato*, 274 AD2d 771, 773 [2000]). In applying this standard, however, plaintiffs "must be afforded the benefit of 'every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to [plaintiffs]' " (*Calafiore v Kiley*, 303 AD2d 816, 817 [2003], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]).

Because it is relevant to the viability of most of plaintiffs' claims on appeal, we address first the issue of whether plaintiffs made a prima facie case for breach of contract.* Plaintiffs allege that defendants breached the transportation agreement by failing to maximize fuel transportation contracts with Trans Fuel and, instead, hauling their own product on the purportedly

---

* On appeal, plaintiffs have not argued that Supreme Court erred in dismissing their causes of action for intentional interference with a contractual relationship, conspiracy and promissory estoppel. Accordingly, we deem these claims abandoned and do not address them (*see Miszko v Leeds & Morelli*, 3 AD3d 726, 727 [2004]; *Anesthesia Group of Albany v State of New York*, 309 AD2d 1130, 1130 [2003]).

more lucrative Canadian runs, and by continuing to use the Trans Fuel name, identification numbers, access cards and manifests after the sale. A review of the contract and the testimony adduced at trial reveals that plaintiffs failed to establish that defendants had any contractual obligation to maximize contracts with Trans Fuel or to refrain from hauling their own product. Nothing in the transportation agreement forbids Econo Fuels from participating in the hauling market; indeed, the evidence establishes that plaintiffs declined an earlier proposal which would have guaranteed Trans Fuel virtually all of Econo Fuels hauling business, instead opting for the transportation contract guaranteeing hauling contracts for 4.5 million gallons a year. No suggestion has been made that the annual 4.5 million gallon minimum would not have been met. Contrary to plaintiffs' contentions, the covenant of good faith in the transportation agreement is not so broad as to limit defendant's right to haul their own product where the agreement in no way suggests such a limitation (*see Rooney v Slomowitz*, 11 AD3d 864, 867 [2004]; *Steven Strong Dev. Corp. v Washington Med. Assoc.*, 303 AD2d 878, 881 [2003]).

Further, Supreme Court properly found that although defendants improperly continued to use the Trans Fuel name, identification numbers and access cards to obtain and haul their own product, plaintiffs failed to demonstrate any resultant damages from such conduct. No evidence exists that plaintiffs experienced financial losses by virtue of any misuse by defendants of the Trans Fuel corporate identity. Plaintiffs' proof on damages centers around their allegation that they would have profited from hauling on the Canadian routes for Econo Fuels, but, as we have held, they failed to demonstrate any legal right to that business. "Th[is] failure to prove damages is . . . fatal to plaintiff[s'] breach of contract cause of action" (*Cramer v Spada*, 203 AD2d 739, 741 [1994], *lv denied* 84 NY2d 809 [1994], *cert denied* 514 US 1055 [1995] [citation omitted]; *see New Horizons Amusement Enters. v Zullo*, 301 AD2d 825, 827 [2003]).

Plaintiffs' cause of action sounding in fraud was also properly dismissed. To establish fraud, plaintiffs had to demonstrate that they justifiably relied on a material misrepresentation knowingly made by defendants and, as a result, suffered some injury (*see Held v Kaufman*, 91 NY2d 425, 431 [1998]; *DonDero v Gardner*, 267 AD2d 830, 831 [1999]). In their brief, plaintiffs contend that Michael Darling represented that defendants had turned over all of their access cards to Trans Fuel. But, again, there is no proof that this caused plaintiffs any damage and,

even viewing the testimony in the light most favorable to plaintiffs, the evidence only indicates that defendants failed to make clear their intention to continue hauling their own petroleum products and that plaintiffs mistakenly assumed otherwise. Clearly, plaintiffs understood that Econo Fuels required more petroleum product than the 4.5 million gallons guaranteed to Trans Fuel in the transportation agreement, and we find no support in the record that a knowing, material misrepresentation was made by defendants that Econo Fuels would refrain from hauling its own product to meet the balance of its needs.

In support of their claim for rescission, plaintiffs contend on appeal that Econo Fuels' continued participation in the hauling business harmed Trans Fuel's business and, thus, the transportation agreement lacked adequate consideration. Notably, "the adequacy of consideration is not a proper subject for judicial scrutiny absent a claim of fraud or misrepresentation (*Morey v Sings*, 174 AD2d 870, 872 [1991]; *see Su Mei, Inc. v Kudo*, 302 AD2d 740, 742 [2003]). Having rejected plaintiffs' claims of misrepresentation and fraud as unsupported, as well as finding no merit in the argument that, by hauling its own petroleum product Econo Fuels encroached upon the scope of the transportation agreement, we conclude that plaintiffs' rescission claim was also properly dismissed.

Our conclusion that the agreements between the parties did not mandate that Econo Fuels relinquish its authority to haul petroleum products for its own distribution also undermines plaintiffs' claim for conversion. Even assuming Econo Fuels improperly used access cards bearing the Trans Fuel name to obtain its own product, insufficient evidence exists that Econo Fuels engaged in the " 'unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights' " (*Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 44 [1995], quoting *Employers' Fire Ins. Co. v Cotten*, 245 NY 102, 105 [1927]). Significantly, plaintiffs failed to present evidence demonstrating how Econo Fuels' subsequent participation in the hauling market interfered with their contractual rights or property interests.

Finally, in light of our determination that plaintiffs failed to demonstrate a breach of contract or a knowing misrepresentation, we also find the evidence does not establish " 'facts sufficient to demonstrate that defendants' conduct rose to the level of high moral culpability which must be reached to support a claim for punitive damages' " (*Gizzi v Hall*, 300 AD2d 879, 882 [2002], quoting *RKB Enters. v Ernst & Young*, 182 AD2d 971, 973 [1992]).

Mercure, J.P., Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.