■ MARY PROPER et al., Appellants, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Sued Herein as STATE FARM INSURANCE COMPANIES, Respondent. [882 NYS2d 340]—

Kane, J. Appeal from an order of the Supreme Court (Teresi, J.), entered January 7, 2009 in Greene County, which granted defendant's motion for summary judgment dismissing the complaint.

After plaintiff Mary Proper (hereinafter plaintiff) was involved in a motor vehicle accident, she applied for no-fault insurance benefits from defendant. Defendant paid for plaintiff's medical treatment and lost wages. Plaintiff's medical insurers, Medicare and Blue Cross and Blue Shield (hereinafter BCBS), also allegedly paid for some of her medical treatment. Plaintiffs commenced this action alleging that defendant breached its contract by failing to fully provide no-fault benefits. Defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, prompting plaintiffs' appeal.

Because plaintiffs failed to support their claim with admissible evidence that they suffered damages, Supreme Court properly dismissed the complaint. Failure to prove the essential element of damages is fatal to a cause of action for breach of contract (*see Fellion v Darling*, 14 AD3d 904, 907 [2005]; *Orville v Newski, Inc.*, 155 AD2d 799, 800 [1989], *lv dismissed* 75 NY2d 946 [1990]). Here, plaintiff testified at her deposition that she had not personally paid any medical bills. While she asserts that BCBS paid $12,000 in medical bills and has asserted a lien against her recovery in a separate personal injury action against the driver of the other vehicle, the record does not contain any claim from BCBS to support these assertions. There are no bills or statements of the amount allegedly paid by BCBS or even proof that any such payments were actually made. As plaintiffs bear the burden of proving damages, and cannot meet that burden with pure speculation or bare assertions, the court correctly granted defendant's motion for summary judgment dismissing the complaint (*see Peak v Northway Travel Trailers, Inc.*, 27 AD3d 927, 929 [2006]; *New Horizons Amusement Enters. v Zullo*, 301 AD2d 825, 827 [2003]; *Seaman v Berman*, 239 AD2d 738, 738-739 [1997]; *see also Berley Indus. v City of New York*, 45 NY2d 683, 687 [1978]).

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.