■ ABKCO Music & Records, Inc., Appellant, v Nathaniel Montague et al., Respondents. [923 NYS2d 520]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered August 2, 2010, which, after a nonjury trial, granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion denied, and judgment in the amount of $325,000 granted to plaintiff. The Clerk is directed to enter judgment accordingly.

It is uncontroverted that from 1999 to 2005 plaintiff advanced funds to defendants to aid them in cataloging a collection of African American art and memorabilia. Plaintiff asserts that the funds advanced constituted a loan, while defendants contend that the advances were intended as gifts. In support of its claim, plaintiff presented three witnesses who testified that the advances were made as loans. At the close of plaintiff's case, defendants moved for a trial order of dismissal. After the court reserved decision on the motion, defendants rested without presenting a case. The court then granted the motion to dismiss, concluding that plaintiff failed to make out a prima facie case because the testimony in support of its claim was given by interested witnesses and therefore could be discounted. We disagree.

As we understand their position on appeal, defendants acknowledge that the advances they received from plaintiff were to be repaid in the event defendants sold the art collection. In this regard, defendants state in their brief, "Since the collection has not yet been sold, no payment is due." Defendants thus recognize that the advances were not gifts. Moreover, at trial, plaintiff introduced a letter from defendants' accountant that referred to plaintiff as having made a loan to defendants. Defendants, on the other hand, offered no evidence of any kind, but rested at the close of plaintiff's case. Given that plaintiff established a prima facie case and defendants failed to present any countervailing evidence, plaintiff is entitled to judgment.

We note that the absence of a specified time for repayment in the parties' oral loan agreement does not defeat plaintiff's claim. As Supreme Court recognized in denying defendants' pretrial motion for summary judgment, where no time for repayment is specified in a loan agreement, the loan is payable immediately upon demand (*see Bradford, Eldred & Cuba R.R. Co. v New York, Lake Erie & W. R.R. Co.*, 123 NY 316, 326-327 [1890]). Concur—Saxe, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.