██ SINA ABSELET, Appellant, v SATRA REALTY, LLC, et al., Respondents. [926 NYS2d 178]—

Spain, J.P. Appeal from an order of the Supreme Court (Lebous, J.), entered October 16, 2009 in Broome County, which, among other things, granted certain defendants' motion for a directed verdict and dismissed the complaint.

This dispute arises out of a business venture originally undertaken by plaintiff, Robert Anavim and defendant Alex Halimi, whereby, with three equal financial contributions, they formed defendant Satra Realty, LLC, a New York limited liability company, for the purpose of acquiring and operating commercial real property at 20 Hawley Street in the City of Binghamton, Broome County. Shortly thereafter, Robert Anavim transferred his entire interest in Satra to his father, Taher Anavim (hereinafter Anavim), now deceased. Alex Halimi was named the managing member, but he granted his father, defendant Azizollah Halimi (hereinafter Halimi), authority to act as his agent with respect to his management responsibilities. In 2001, defendant Joseph Soleimani became a member of Satra by purchasing one quarter of the total shares from the other three members. For several years, Satra operated and managed 20 Hawley Street, primarily leasing the premises to various commercial tenants, but the property never yielded the profits that the members expected, and the professional and personal relationships between plaintiff and the others soon deteriorated.

Plaintiff commenced this action pro se in 2004, alleging breach of contract, unjust enrichment, fraud and defamation in the form of slander and libel, and defendants counterclaimed, asserting various breaches of fiduciary duty and misappropria-

tion of Satra's assets on the part of plaintiff. Following a trial, Supreme Court dismissed the complaint and all counterclaims. On plaintiff's appeal, we now affirm.

As an initial matter, we reject plaintiff's contention that Supreme Court abused its discretion in failing to disqualify James Cahill, trial attorney for Satra, Anavim and Soleimani,[1] because Cahill served as Satra's counsel prior to this litigation and thus, plaintiff argues, Cahill also had a previous attorney-client relationship with plaintiff as one of Satra's owners. When considering a motion to disqualify counsel, a trial court must "consider the totality of the circumstances and carefully balance the right of a party to be represented by counsel of his or her choosing against the other party's right to be free from possible prejudice due to the questioned representation" (*Parnes v Parnes*, 80 AD3d 948, 952 [2011]). Here, although Cahill has been Satra's attorney of record in this action since December 2006, plaintiff did not move for disqualification until $2^{1}/_{2}$ years later, after the commencement of the trial, when a disqualification may have substantially prejudiced defendants (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443 [1987]; *McDade v McDade*, 240 AD3d 1010, 1010-1011 [1997]). Further, plaintiff has failed to demonstrate that an attorney-client relationship ever existed between Cahill and himself, independent of Cahill's representation of Satra (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9 [a]; *Campbell v McKeon*, 75 AD3d 479, 480-481 [2010]; *Polovy v Duncan*, 269 AD2d 111, 112 [2000]; *cf. Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 132-134 [1996]). Although Cahill admittedly gave advice to plaintiff on several occasions, he explained that he never personally represented plaintiff and that the advice was related to Satra business. Plaintiff offered no proof that Cahill assumed an affirmative duty to represent plaintiff personally or that any former attorney-client relationship existed that might now bar Cahill's representation of certain defendants against plaintiff (*see Cunningham v Anderson*, 66 AD3d 1207, 1209 [2009], *lv denied* 14 NY3d 710 [2010]; *Young v Oak Crest Park*, 75 AD2d 956, 957 [1980]; *see also Nicola v Barrett*, 43 AD3d 583, 584 [2007]; *Waehner v Northwest Bay Partners, Ltd.*, 30 AD3d 799, 800 [2006]).

Next, we reject plaintiff's assertion that Halimi's testimony should have been precluded due to his failure to produce certain documents. Plaintiff failed to adequately preserve this objection; he neither made a formal demand nor moved to compel disclosure (*see* CPLR 3102 [d]; 3124). In any event, the severe

---

1. Plaintiff appeared and proceeded at trial pro se, as did the Halimis.

remedy of preclusion is left to the sound discretion of the trial court, "reserved for those instances where the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (*Kumar v Kumar*, 63 AD3d 1246, 1248 [2009] [internal quotation marks and citations omitted]). Here, we find insufficient evidence that Halimi's failure to produce the documents was willful, rather than merely a function of his inability to understand which documents were requested and locate those documents (*see Armstrong v Armstrong*, 72 AD3d 1409, 1410 [2010]; *Harrington v Palmer Mobile Homes, Inc.*, 71 AD3d 1274, 1275 [2010]).

Turning to the merits, we hold that Supreme Court properly dismissed the complaint.[2] When, as is appropriate, plaintiff is afforded every favorable inference of the proof presented, it is still clear that there is " 'no rational process by which the fact trier could base a finding in [his] favor' " (*Miller v Moore*, 68 AD3d 1325, 1327 [2009], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see* CPLR 4401; *Hytko v Hennessey*, 62 AD3d 1081, 1083 [2009]). Here, plaintiff's breach of contract cause of action cannot be sustained; even assuming that he could prove some breach of Satra's operating agreement, he failed to offer any proof of resulting damages (*see Proper v State Farm Mut. Auto. Ins. Co.*, 63 AD3d 1486, 1487 [2009]; *Fellion v Darling*, 14 AD3d 904, 907 [2005]). Plaintiff's unjust enrichment claim is undermined by his failure to establish that defendants were enriched at plaintiff's expense such that it would be inequitable for defendants to retain the benefit of plaintiff's investment in Satra (*see Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972], *cert denied* 414 US 829 [1973]; *Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983, 987-988 [2006]). Indeed, on this record, any damage suffered by plaintiff seems to be, like the losses suffered by defendants, simply the result of Satra never realizing a return on the parties' investments.

Plaintiff's cause of action for fraud was also properly dismissed, as he failed to demonstrate that any defendant knowingly made material misrepresentations of fact intended to induce reliance, and that plaintiff relied upon the statements and thereby suffered damages (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). Plaintiff

---

2. Supreme Court referred to the motions of Satra, Anavim and Soleimani as motions for dismissal of the complaint; however, because the motions were made at the close of plaintiff's direct case and the court's dismissal was premised upon plaintiff's failure of proof, we will treat the motions as motions for judgment during trial (*see* CPLR 4401).

insists that representations by defendants concerning the business venture's potential for profit—such as Halimi's specific predictions for the property's gross income—induced him to invest in Satra. Such predictions, even if proven false, are opinion rather than misrepresentations of fact necessary to sustain a cause of action for fraud (*see Stainless Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P.*, 58 AD3d 1010, 1014 [2009]; *Landes v Sullivan*, 235 AD2d 657, 659 [1997]). Likewise, plaintiff's failure to specify any false statements expressed by any defendant is also fatal to his slander or libel claims (*see Dickson v Slezak*, 73 AD3d 1249, 1250 [2010]; *Bonanni v Hearst Communications, Inc.*, 58 AD3d 1091, 1092 [2009]; *see also* CPLR 3016 [a]).

Accordingly, the motions of Satra, Anavim and Soleimani for judgment during trial were properly granted. Given that the motions of Satra, Anavim and Soleimani gave plaintiff a full opportunity to respond, Supreme Court also properly dismissed the complaint as to the Halimis on its own motion (*see Matter of Muller*, 204 AD2d 551 [1994]; *see also* CPLR 3212 [b]; *Wende C. v United Methodist Church, N.Y. W. Area*, 4 NY3d 293, 298 [2005], *cert denied* 546 US 818 [2005]). Further, having never requested an accounting, plaintiff did not preserve his claim on appeal that Supreme Court erred in not ordering one.

Finally, we find no abuse of discretion in Supreme Court's failure to declare a mistrial and order a new trial in the interest of justice after plaintiff lost consciousness in the courtroom. Plaintiff made no motion for a mistrial and, in fact, assured the court that he could proceed with the trial (*see* CPLR 4402; *Newmark v Animal Emergency Clinic of Hudson Val.*, 38 AD3d 1110, 1112 [2007], *lv denied* 9 NY3d 815 [2007]; *see also Muka v Cohn*, 146 AD2d 826, 827 [1989]).

Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.