*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 18, 2014                518534
_____

RICHARD STEIN,
                    Respondent,

        v                                 MEMORANDUM AND ORDER

RICHARD L. ANDERSON,
                    Appellant.
_____


Calendar Date:  October 8, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Lynch, JJ.

_____


        Law Office of Carman Garufi, Binghamton (Alena E. Van Tull
of counsel), for appellant.

        Coughlin & Gerhart, LLP, Binghamton (Mark Rappaport of
counsel), for respondent.

_____


Lynch, J.

        Appeal from an order of the County Court of Tioga County
(Keene, J.), entered November 21, 2013, which affirmed a judgment
of the Justice Court of the Town of Owego in favor of plaintiff.

        In June 2006, defendant suffered the loss of his truck and
certain equipment in a flood.  In July 2006, plaintiff, who was
defendant's friend, allegedly transferred $9,899.38 to defendant.
According to plaintiff, a portion of the money was intended to
pay for goods that he had purchased from defendant and the
remaining funds were a loan to help defendant remain in business
after the flood losses.  Plaintiff commenced this action in
Justice Court to recover the unpaid balance of the loan.
Following a trial, plaintiff was awarded the sum of $3,000, an
amount slightly less than the amount that plaintiff claimed

remained unpaid, plus costs.  County Court affirmed the judgment upon defendant's appeal.  Defendant appeals.

"Appellate review of small claims is limited to determining whether 'substantial justice has not been done between the parties according to the rules and principles of substantive law'" (Rowe v Silver & Gold Expressions, 107 AD3d 1090, 1091 [2013], quoting UCCA 1807).  Applying this standard, we will overturn a decision only if it is clearly erroneous (see Kelsey v McNally, 77 AD3d 1230, 1231 [2010], lv dismissed 16 NY3d 853 [2011]).  Here, plaintiff testified before Justice Court that he loaned $7,677 to defendant to help him stay in business after the flood.  He explained that the loan was made via a check in the amount of $9,899.38 that was intended to cover both the loan and payment of "a little over $2,000" for materials he had purchased. Plaintiff claimed that defendant acknowledged the loan at the time that it was made, stating that he appreciated it and would pay him back "as soon as [he could.]"  Defendant paid plaintiff $3,500 sometime later in 2006 and, in 2008, plaintiff began to write to defendant seeking repayment of the sum that remained due.  In response to the first letter in August 2008, defendant told plaintiff that he was seeking grant money.  Plaintiff testified that after subsequent requests, defendant made three $100 payments, thus reducing the debt to $3,877.  For his part, defendant testified that while he recalled plaintiff giving him a check to purchase materials, he did not recall any extra payment. In apparent contradiction, he also testified that he appreciated plaintiff's "generosity," but denied that he ever asked for plaintiff's help.

We reject defendant's claims that the terms of the agreement were too indefinite to be enforceable.  The issues presented raised credibility issues that were for the court to resolve (see Rowe v Silver & Gold Expressions, 107 AD3d at 1091; Pierce v Pastorello, 255 AD2d 622, 622 [1998]).  Plaintiff testified as to the oral agreement and the amount of the loan. While defendant denied recollection of the details, his conduct could be construed as an acknowledgment of the existence and nature of the debt, and we perceive no error in Justice Court's determination to disregard defendant's claims to the contrary (see Burnside v Foglia, 208 AD2d 1085, 1085-1086 [1994]).

Although the oral agreement did not provide for the term of the loan, the effect of such omission is that the loan was payable upon demand (see ABKCO Music & Records, Inc. v Montague, 90 AD3d 402, 403 [2011]).  We agree with County Court that Justice Court's determination that the payment was a loan and not a gift and to credit defendant's payments to reduce the debt payable was not clearly erroneous, and substantial justice was done.

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court