*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 12, 2015                519067
_____

KARL DeLEON,

                    Appellant,

         v                                    MEMORANDUM AND ORDER

PETER M. KALIL et al.,
                    Respondents.
_____

Calendar Date:  January 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

                    _____

    Karl DeLeon, Schenectady, appellant pro se.

    Robert J. Stoddard, Schenectady, for respondents.

                    _____

Lahtinen, J.P.

        Appeal from an order of the County Court of Schenectady
County (Drago, J.), entered July 12, 2013, which affirmed a
judgment of the City Court of the City of Schenectady in favor of
defendants.

        In this small claims action, plaintiff alleges breach of an
oral contract with defendant Mark Kalil and seeks the return of
$1,400 advanced to Kalil for construction of four custom
handrails.  Upon inspecting the handrails fabricated by Kalil,
plaintiff claimed that they had numerous defects, refused to
accept them and demanded the return of his deposit.  Kalil
refused to return the money and this action ensued.  Following
trial, City Court ruled in favor of defendants, and dismissed the
claim.  Upon plaintiff's appeal, County Court affirmed, and
plaintiff now appeals to this Court.

We affirm.  Initially, we note that City Court properly dismissed the action as against all defendants other than Kalil, inasmuch as those defendants were not parties to the contract (see Borman v Purvis, 299 AD2d 615, 616 [2002]).  Turning to the claims insofar as asserted against Kalil, "appellate review of small claims judgments is limited to determining whether 'substantial justice has . . . been done between the parties according to the rules and principles of substantive law'" (North40RE Realty v Bishop, 2 AD3d 1184, 1184-1185 [2003], quoting UJCA 1807; see Rowe v Silver & Gold Expressions, 107 AD3d 1090, 1091 [2013]; Sten v Desrocher, 8 AD3d 915, 915 [2004]).  Kalil testified that he had been in the steel fabrication business for 20 years, any defects were insubstantial because they were "within code" and within the industry standard for handrails and staircases, and plaintiff's demands amounted to a request for infallibility.  While plaintiff testified that he believed that the discrepancies should have been less than those permitted by the standard or code, he did not present evidence of a written or oral agreement to that effect, and offered no other support for this contention; nor did he install the handrails or otherwise demonstrate that they were unworkable.  Under these circumstances, plaintiff did not meet his burden of establishing a breach of contract, and City Court did substantial justice between the parties in dismissing the claim (see Chase v Coleman, 45 AD3d 936, 937 [2007]; Sten v Desrocher, 8 AD3d at 915; Moses v Randolph, 236 AD2d 706, 707 [1997]).

Plaintiff's remaining arguments are lacking in merit.

Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court