*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                    519981
_____

JOSEPH MULLEN,
                    Appellant,
          v                              MEMORANDUM AND ORDER

NEIL LOCKWOOD,
                    Respondent.
_____


Calendar Date:  May 1, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                    _____


      Theresa M. Suozzi, Saratoga Springs, for appellant.

      Michael Breen, Middleburgh, for respondent.

                    _____


Lynch, J.

      Appeal from an order of the County Court of Schoharie
County (Wilhelm, J.), entered March 10, 2014, which, among other
things, affirmed a judgment of the Justice Court of the Town of
Cobleskill in favor of defendant.

      Plaintiff hired defendant in 2010 to build an addition onto
his house.  Pursuant to their written agreement, defendant was
required to move an existing gas stove into the addition and
install a gas line thereto, but the parties disagreed as to
whether defendant was also obligated to install a ventilation
system, which was necessary for the stove to function.  After
purportedly spending $2,700 to install a ventilation system and
remedy certain other alleged deficiencies in defendant's
performance, plaintiff withheld $1,250 of payment and commenced
this small claims action in Justice Court seeking the difference
of $1,450 in damages.  Justice Court denied plaintiff's claim and

awarded defendant $1,750 on his counterclaim.  Upon plaintiff's appeal, County Court affirmed.  Plaintiff now appeals to this Court, and we affirm.

We disagree with plaintiff's contention that the contract was ambiguous as to the installation of a ventilation system. Our review of small claims judgments is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see DeLeon v Kalil, 126 AD3d 1155, 1155-1156 [2015]).  "Applying this standard, we will overturn a decision only if it is clearly erroneous" (Stein v Anderson, 123 AD3d 1322, 1322 [2014] [citation omitted]; see Rowe v Silver & Gold Expressions, 107 AD3d 1090, 1091 [2013]).  The part of the contract on which plaintiff relies states: "Move gas stove from the office to the great room.  Install new gas line to stove." Plainly, this provision does not mention a ventilation system and this service was provided at "no charge."  Moreover, the explicit reference to the gas line installation supports the interpretation that this was the only installation required of defendant with respect to the stove.  Even were we to find an ambiguity, reading this provision in light of the rest of the contract does not substantiate plaintiff's testimony that defendant had agreed to ensure that the stove was in working order (see generally Matter of Warner v Board of Educ., Cobleskill-Richmondville Cent. Sch. Dist., 108 AD3d 835, 836-837 [2013], lv denied 22 NY3d 859 [2014]).  As Justice Court properly applied the clear and unambiguous terms of the parties' written contract, we find that substantial justice was done (see DeLeon v Kalil, 126 AD3d at 1156; compare North40RE Realty v Bishop, 2 AD3d 1184, 1185 [2003]).

We also reject plaintiff's argument that Justice Court erred in denying his warranty claims.  In a small claims action, the reasonable value of services and repairs may be established by two itemized estimates or by one itemized bill or invoice that is either receipted or marked paid (see UJCA 1804; Borman v Purvis, 299 AD2d 615, 617 [2002]).  Here, plaintiff submitted two unsigned invoices that failed to ascribe individual values to the repairs made necessary by defendant's alleged breach.  Moreover, no receipt or indication of payment was provided.  A third

invoice — signed and marked "paid in full" — was introduced by plaintiff in support of his claim that defendant detached an electric meter from a wall.  However, plaintiff admitted at trial that he was unsure who had removed the meter, and defendant testified that it was not connected when the construction began. Given the inadequate valuation evidence offered by plaintiff, as well as the conflicting proof concerning the meter, we cannot say that the denial of his warranty claims was clearly erroneous (see Borman v Purvis, 299 AD2d at 617).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court