*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 28, 2016                    521330
_____

MARC YANNI et al.,
                    Respondents,

          v                              MEMORANDUM AND ORDER

ROBERT BECK,
                    Appellant.
_____


Calendar Date:  March 24, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

                    _____


          Baynes Law Firm, PLLC (Brendan F. Baynes of counsel),
Ravena, for appellant.

                    _____


McCarthy, J.P.

          Appeal from an order of the County Court of Albany County
(Lynch, J.), entered September 8, 2014, which, among other
things, remitted the matter to the Justice Court of the Town of
Bethlehem for an inquest on damages.

          Plaintiffs commenced this small claims action seeking to
recover damages as the result of allegedly defective repair work
to their roof by defendant.  Following a trial, the Justice Court
of the Town of Bethlehem found in favor of plaintiffs and awarded
$1,970 in damages.  On appeal, County Court determined that there
was evidence to permit a finding that defendant was liable to
plaintiffs, but that plaintiffs had failed to submit either an
itemized paid bill or two itemized estimates to establish the
reasonable value and necessity of the work in support of their
claim (see UJCA 1804).  In light of this determination, County
Court ordered that the matter be remitted to Justice Court for an
inquest solely on damages.  Defendant now appeals.

"The standard of review in small claims cases is limited to whether 'substantial justice has . . . been done between the parties according to the rules and principles of substantive law'" (Moses v Randolph, 236 AD2d 706, 707 [1997], quoting UJCA 1807). "Applying this standard, we will overturn a decision only if it is clearly erroneous" (Stein v Anderson, 123 AD3d 1322, 1322 [2014] [citation omitted]; see Mullen v Lockwood, 129 AD3d 1269, 1270 [2015], lv dismissed 26 NY3d 992 [2015]; Kelsey v McNally, 77 AD3d 1230, 1231 [2010], lv dismissed 16 NY3d 853 [2011]). Pursuant to UJCA 1804, the reasonable value and necessity of repairs may be established by "[a]n itemized bill or invoice, receipted or marked paid, or two itemized estimates for services or repairs" (see Mullen v Lockwood, 129 AD3d at 1271; Borman v Purvis, 299 AD2d 615, 617 [2002]). Here, the record reflects that plaintiffs only submitted one estimate in support of their claim, and they therefore submitted insufficient evidence, as a matter of law, to establish damages. Accordingly, we agree with County Court that Justice Court's decision was clearly erroneous (see UJCA 1804; Borman v Purvis, 299 AD2d at 617). However, substantive justice cannot permit plaintiffs a second opportunity to prove their damages merely because they failed to meet their prima facie burden in the first instance, and therefore we do not remit the matter (see Redner v Church of the Nazarene, 4 Misc 3d 126[A], 2004 NY Slip Op 50583[U] [2014]; Capalbo v Lake Serv. Stat., Inc., 2002 NY Slip Op 40249[U], *2 [2002]).

Egan Jr., Rose, Devine and Clark, JJ., concur.

ORDERED that the order is reversed, without costs, and action dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court