*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: June 2, 2016                    519594
_____

ALAN SKINNER et al.,
                    Respondents,

        v                                       MEMORANDUM AND ORDER

TIMOTHY CRANDALL,
                    Appellant.
_____


Calendar Date: April 22, 2016

Before: Garry, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.

_____


        Law Office of Annette Hasapidis, South Salem (Annette G. Hasapidis of counsel), for appellant.

        Alan Skinner and Melissa Skinner, Berne, respondents pro se.

_____


Lynch, J.

        Appeal from an order of the County Court of Fulton County (Giardino, J.), entered March 21, 2014, which affirmed a judgment of the Johnstown City Court in favor of plaintiff.

        In this small claims action, plaintiffs alleged that defendant damaged their property by excavating an area 12 feet wide and 200 feet in length through the woods, destroying trees and underbrush. City Court found in plaintiffs' favor and awarded them $5,000 in damages. County Court affirmed the judgment and defendant now appeals to this Court.

        Our limited review is to determine whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see DeLeon v

Kalil, 126 AD3d 1155, 1155-1156 [2015]).  Under this standard, we will only overturn a decision if it is clearly erroneous (see Stein v Anderson, 123 AD3d 1322, 1322 [2014]).

To begin, we are not persuaded by defendant's argument that City Court lacked subject matter jurisdiction to determine whether the excavated area was actually on plaintiffs' property. While the parties dispute the boundary line between their adjacent parcels, City Court was authorized to make a factual finding as to who owned the property (see e.g. Pugliatti v Riccio, 130 AD3d 1420, 1421 [2015]; Chase v Coleman, 45 AD3d 936, 936-937 [2007]).  Plaintiff Alan Skinner testified that plaintiffs purchased the property in 2012 and had the property border staked after the subject incident, providing a paid survey receipt for $500.  City Court could accept this evidence as proof of ownership and, given the ongoing boundary dispute, credit plaintiffs' claim that defendant caused the damage.  Defendant's claim that Skinner lacked standing was not raised before City Court and is unpreserved for our review.

The remaining question pertains to the damage award.  In a small claims action, the reasonable value of services and repairs may be established by "[a]n itemized bill or invoice, receipted or marked paid, or two itemized estimates for services or repairs" (UCCA 1804).  Referencing an arborist report submitted by plaintiffs, as well as the survey, City Court awarded plaintiffs $5,000.  We agree with defendant that the single unitemized, arborist estimate of $5,000 in damages — in which the arborist remarkably commented that plaintiffs were entitled to recover for the "trouble caused" — was inadequate, as a matter of law, to establish damages (see Yanni v Beck, 138 AD3d 1365, 1366 [2016]).  While the arborist inspected the property and commented that new growth had been bulldozed, including trees 10 to 12 feet tall, he did not specify the number of trees damaged (see RPAPL 861 [3]; Halstead v Fournia, 134 AD3d 1269, 1270-1271 [2015]). That said, the report, coupled with Skinner's testimony and photographs of the excavated area, demonstrate that the property was damaged.  We conclude that plaintiffs are only entitled to reimbursement for the $500 cost of the survey, plus an amount of $2,000 for the damages to the land.

Garry, J.P., Egan Jr., Clark and Mulvey, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reducing the damages from $5,000 to $2,500, and, as so modified, affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court