# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

812
CA 15-01901
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

CATHERINE MAHAR, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

HELEN PROPER, DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

THE LAW OFFICES OF JON LOUIS WILSON, LOCKPORT (JON LOUIS WILSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

CATHERINE MAHAR, PLAINTIFF-RESPONDENT PRO SE.

---------------------------------------------------------------------------------------------

Appeal from an order of the Niagara County Court (Matthew J. Murphy, III, J.), entered May 8, 2015. The order modified a judgment of the Wilson Town Court (Robert J. Botzer, J.) by vacating the award of damages and remitted the matter for a new trial on the issue of damages.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the remittal of the matter to Wilson Town Court with respect to defendant Helen Proper and dismissing the claim against her, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this small claims action seeking damages for conversion based upon allegations that defendants stole numerous items of personal property from a home that plaintiff had been renting to certain defendants. Following a trial, Town Court rendered a judgment in plaintiff's favor in the amount of $3,000 and, on defendants' appeal, County Court modified the judgment by vacating the award of damages and remitted the matter to Town Court for a new trial on the issue of damages. County Court determined that defendants were liable for conversion, but found that plaintiff failed to provide sufficient evidence of the value of the stolen items. Helen Proper (defendant) now appeals from County Court's order (*see* CPLR 5703 [b]); the remaining two defendants have not appealed and thus are not affected by our order herein (*see generally Hecht v City of New York*, 60 NY2d 57, 61-62).

We agree with defendant that County Court erred in remitting the matter for a new trial on the issue of damages with respect to her, and we therefore modify the order accordingly. "[S]ubstantive justice cannot permit plaintiff[] a second opportunity to prove [her] damages merely because [she] failed to meet [her] prima facie burden in the

first instance" (*Yanni v Beck*, 138 AD3d 1365, 1366). Thus, upon determining that there was insufficient evidence of damages with respect to defendant, County Court was obligated to dismiss the claim against her rather than remit the matter for a new trial (*see id.*).

In light of our determination, defendant's remaining contentions are academic. Plaintiff's contention that County Court erred in determining that the evidence of damages is insufficient is not properly before us because she did not cross-appeal from County Court's order (*see Hecht*, 60 NY2d at 63).

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court