■ HAROLD F. KELLY et al., Appellants, v CHRISTOPHER BENSEN, Individually and Doing Business as BENSEN LAND SERVICE, Respondent. [58 NYS3d 169]—

Garry, J.P. Appeal from an order of the Supreme Court (Elliott III, J.), entered May 7, 2015 in Greene County, upon dismissal of the complaint and counterclaim at the close of proof.

Plaintiff Harold F. Kelly (hereinafter plaintiff) is the chief executive officer of plaintiff Kelstar Industries, LLC. Plaintiff's spouse, Nancy Kelly (hereinafter Kelly), is the president of Kelstar. Plaintiff and Kelly entered into an oral agreement with defendant to install a leach field and a concrete patio at their residence in the Town of Durham, Greene County. Thereafter, plaintiff and Kelly, allegedly acting on behalf of Kelstar, entered into a second oral agreement with defendant to construct two rental apartments in a building in Durham.[1] In June 2012, plaintiffs commenced this breach of contract action. The first cause of action asserted that the leach field did not work and that there were cracks in the patio, and the second cause of action alleged that the apartments were defectively constructed. Supreme Court, among other things, dismissed the complaint following a nonjury trial, finding, among other

---

1. The complaint alleges that plaintiff alone entered into the contract pertaining to the residence, and that Kelstar alone entered into the contract pertaining to the rental apartments. Plaintiff and Kelly each testified that they entered into both agreements jointly, but neither testified that they had acted on Kelstar's behalf.

things, that plaintiffs had failed to prove damages as to either agreement. Plaintiffs appeal.

In reviewing a decision in a nonjury trial, this Court is empowered "to independently consider the probative weight of the evidence and the inferences to be drawn therefrom," but we defer to the factual findings made by the trial court, particularly where they are based upon credibility assessments (*Jump v Jump*, 268 AD2d 709, 710 [2000]; *see Winkler v Kingston Hous. Auth.*, 259 AD2d 819, 823 [1999]). As with any contract, an oral agreement is not enforceable unless there is "a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (*Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999]; *accord Towne v Kingsley*, 121 AD3d 1381, 1382 [2014]). In making this determination, "the court looks not to the parties' after-the-fact professed subjective intent, but rather at their objective intent as manifested by their expressed words and conduct at the time of the agreement" (*Winkler v Kingston Hous. Auth.*, 259 AD2d at 823; *accord Jump v Jump*, 268 AD2d at 710).

It was plaintiffs' burden to establish that the parties' agreements were sufficiently specific to be enforceable (*see Muhlstock v Cole*, 245 AD2d 55, 58 [1997]). Beginning with the contract pertaining to the apartments, this burden was not satisfied. The testimony of plaintiff, Kelly and two contractors who completed the project after defendant stopped work established that defendant was hired to convert a former office building into two rental apartments and that plaintiff fired him after several months of work. The testimony of plaintiff and Kelly describing the agreement was notably vague; neither witness described the scope of work in sufficiently specific terms to support a determination that the parties had reached a meeting of the minds. No plans or documents memorializing the agreement were submitted, and the testimony provided almost no details as to the size, layout and features of the apartments that defendant was engaged to construct. Defendant presented evidence that plaintiff repeatedly changed his mind as to the size and layout of the apartments. Under these circumstances, it is impossible to determine whether, for example, defendant located shower drains in the wrong place, as plaintiffs allege. It is further not possible to determine how much, if any, of defendant's work was defective and how much was merely incomplete.

Plaintiffs similarly offered little or no testimony relative to the agreed-upon consideration. They submitted no evidence

that the parties agreed upon an estimate or a total price for the construction, nor did they offer evidence as to the agreed-upon terms of payment, such as an hourly rate. Plaintiffs claim that defendant was paid for work that he did not complete, while defendant testified that he was not paid for all of the work that he performed. In the absence of proof of the agreed-upon scope of work and terms of payment, it cannot be determined whether either claim is correct. Further, although plaintiff testified that defendant was fired because his work was progressing too slowly, and the complaint alleged damages for resulting lost rent, plaintiff and Kelly offered no proof that they ever agreed with defendant upon an anticipated completion date; defendant testified that there was none. For these reasons, the alleged contract is unenforceable and the cause of action relative to the apartments was properly dismissed (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d at 590-591; *Wild v Hayes*, 68 AD3d 1412, 1414 [2009]; *compare Stein v Anderson*, 123 AD3d 1322, 1323 [2014]; *Dzek v Desco Vitroglaze of Schenectady*, 285 AD2d 926, 927 [2001]).[2]

Turning to the earlier contract pertaining to the residence, plaintiff and Kelly testified that they agreed that defendant would construct a patio at the back of their residence and install a new leach field to correct an existing odor problem. Defendant completed both projects and was paid in full. Plaintiff and Kelly later became dissatisfied when cracks developed in the patio, the odor persisted and other problems occurred with the leach field.

As to the patio, there appears to be no dispute that the parties reached a meeting of the minds by which they agreed that defendant would construct a concrete patio, that defendant did so, and then was paid in full. Plaintiffs thus met their burden of establishing an enforceable contract. However, they entirely failed to provide any proof of damages, and such a failure "is fatal to a cause of action for breach of contract" (*Proper v State Farm Mut. Auto. Ins. Co.*, 63 AD3d 1486, 1487 [2009]). Plaintiff testified as to the total amount of an estimate that he had obtained for replacing the patio, together with another unre-

---

2. Even if an enforceable contract had been proven, plaintiffs failed to offer adequate proof of damages. Plaintiffs sought to recover the full amount paid to defendant before his termination, plus the cost of hiring substitute contractors. However, their own testimony established that not all of defendant's work was inadequate. Plaintiffs failed to distinguish between allegedly defective work and work that had simply not yet been completed, and offered no proof that the substitute contractors were paid more than defendant would have been paid to complete the same work.

lated project. Neither he nor any other witness provided a breakdown of the portion of this estimate that pertained to the patio. Supreme Court refused to admit the contractor's written estimate, as inadmissible hearsay, and plaintiffs offered no other proof of damages. While plaintiffs could have proven damages "in any manner which is reasonable, [such proof] may not be based upon speculation and, instead, must be reasonably certain" (*Peak v Northway Travel Trailers, Inc.*, 27 AD3d 927, 929 [2006] [internal quotation marks and citations omitted]). Thus, Supreme Court properly found that plaintiffs could not recover on this aspect of the cause of action (*see Abselet v Satra Realty, LLC*, 85 AD3d 1406, 1408 [2011]; *Haber v Gutmann*, 64 AD3d 1106, 1108-1109 [2009], *lv denied* 13 NY3d 711 [2009]; *New Horizons Amusement Enters. v Zullo*, 301 AD2d 825, 827 [2003]).

As to the leach field, plaintiffs failed to establish the existence of an enforceable contract. The testimony of plaintiffs' witnesses describing the agreed-upon scope of work was both vague and inconsistent. Supreme Court credited defendant's testimony that, upon excavating the area, he discovered that there was no existing leach field, that plaintiff refused to agree to defendant's recommendations as to the construction of a proper leach field, and that he instead directed defendant to use a "band-aid" solution. Defendant claimed that he warned plaintiff that this system would not work. Plaintiffs provided no evidence revealing that defendant's description of the work that he performed was inconsistent with the parties' agreement, nor any other evidence that his work was defective in any specified manner. On the contrary, plaintiff testified that he did not know what was wrong with the new system or what repair or replacement would cost, as he had not obtained any inspections or estimates. The claim involving the leach field was thus unsustainable, both because plaintiffs failed to prove the existence of an enforceable contract and failed to prove damages. Accordingly, the cause of action pertaining to the leach field and the patio was properly dismissed.

Lynch, Rose, Clark and Aarons, JJ., concur. Ordered that the order is affirmed, with costs.