Franco v Sterling Home Solutions LLC (2025 NY Slip Op 04283)

Franco v Sterling Home Solutions LLC

2025 NY Slip Op 04283

Decided on July 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

CV-24-0548
[*1]Francis Franco, Appellant,
v
Sterling Home Solutions LLC, Respondent.

Calendar Date:June 5, 2025

Before:Clark, J.P., Pritzker, Lynch, Ceresia and Fisher, JJ.

Creedon & Gill, PC, Northport (Jonathan O. Gill of counsel), for appellant.
The Sgambettera Law Firm, Saratoga Springs (Matthew J. Sgambettera of counsel), for respondent.

Lynch, J.
Appeal from an order of the Supreme Court (Laura Jordan, J.), entered January 24, 2024 in Rensselaer County, which granted defendant's motion for a directed verdict and dismissed the complaint.
In April 2020, plaintiff contracted with defendant to construct a sunroom and deck on plaintiff's home in the Town of Poestenkill, Rensselaer County for a total contract price of $43,836. Claiming that the work performed was substandard, plaintiff commenced this breach of contract action seeking to recover damages of $44,000. A bench trial was held on January 22, 2024. Both plaintiff and his expert witness, Christopher Iula, testified as to various defects in the workmanship, as depicted in a variety of photographs received into evidence. When plaintiff asked Iula to estimate the cost to repair the asserted defects, defendant objected on the basis such testimony was outside the scope of Iula's inspection report that had been received into evidence, as well as plaintiff's expert disclosure under CPLR 3101 (d), neither of which spoke to damages. Supreme Court sustained the objection.
At the close of plaintiff's proof, defendant moved for a directed verdict to dismiss the complaint pursuant to CPLR 4401 on the premise that plaintiff had failed to present sufficient evidence of damages. Despite having rested, plaintiff requested an opportunity to resume the stand "to testify as to the amounts paid to [defendant]." Agreeing with defendant that such testimony would not address the cost to repair the claimed defects in the work, Supreme Court declined plaintiff's request and granted defendant's motion for a directed verdict dismissing the complaint. Plaintiff appeals.
We affirm. To begin, we recognize that plaintiff provided prima facie evidence that defendant's work was defective with respect to various components of the sunroom. Damages, however, are a key element of a breach of contract claim (see Kelly v Bensen, 151 AD3d 1312, 1314 [3d Dept 2017]). Generally, "the proper measure of damages for breach of a construction contract is the cost to either repair the defective construction or complete the contemplated construction" (Haber v Gutmann, 64 AD3d 1106, 1108 [3d Dept 2009], lv denied 13 NY3d 711 [2009]; accord LaPenna Contr., Ltd. v Mullen, 187 AD3d 1451, 1454 [3d Dept 2020]). Our review of the record confirms that plaintiff presented no such evidence at trial. Plaintiff abandoned any contention that Supreme Court erred in precluding Iula from testifying as to the cost of repairs by failing to raise this issue in his appellate brief (see Cascade Bldrs. Corp. v Rugar, 193 AD3d 1283, 1287 [3d Dept 2021]). In any event, Supreme Court's preclusion decision was well within its discretion, as was its decision declining plaintiff's request to resume the stand because his proffered payment testimony did not speak to actual damages (see Feldsberg v Nitschke, 49 NY2d 636, 643 [1980]).
Finally, the argument set forth in plaintiff's appellate brief that "[t]he trial [*2]court improperly excluded critical evidence . . . includ[ing] detailed estimates from contractors for the cost to repair the defects" finds no support in the record. Plaintiff's appellate brief further misrepresents the record by asserting that "plaintiff provided testimony and documents showing the financial impact of the defendant's substandard work. This included invoices, payment records, and estimates for corrective work." These contentions are troubling because plaintiff proffered no such testimony or documentation at trial. On this record, we conclude that Supreme Court properly dismissed the complaint.
Clark, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.