Taylor v Parker (2025 NY Slip Op 51300(U))

[*1]

Taylor v Parker

2025 NY Slip Op 51300(U)

Decided on August 19, 2025

County Court, Columbia County

Herman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 19, 2025
County Court, Columbia County

George Taylor, Plaintiff/Respondent

against
Matthew Parker, Defendant/Appellant.

Index No. 20528-23

George Taylor
Plaintiff/Respondent, pro se
Kevin B. Thiemann, Esq.
One Hudson City Centre, Suite 304
Hudson, New York 12534
Attorney for Defendant/Appellant

Brian J. Herman, J.

Appeal from a judgment of Stockport Town Court, Small Claims Part (Smalley, T.J.), entered January 22, 2023, in favor of the plaintiff in the amount of $3,000.00 and dismissing the defendant's counterclaim. By decision and order of this court (Nichols, J.) dated October 10, 2023, the judgment was affirmed. Thereafter, the defendant moved this court for reargument (see CPLR 2221) on grounds that it appeared that the court did not review or consider certain trial exhibits received by the town court on a flash drive in rendering its decision on the appeal. Having confirmed that the flash drive was not in the court's file, this court (Herman, J.) granted leave to reargue and directed that a copy of the flash drive be submitted to the court and a duplicate copy be served upon the plaintiff. The court allowed the parties to make additional submissions based upon this supplementation of the record on appeal. The flash drive was received. Neither party made any additional submissions. 
In September 2022, the defendant engaged the plaintiff's construction outfit to perform work at the defendant's residence in the Town of Stockport, Columbia County. The plaintiff commenced work on a series of loosely detailed tasks outlined in an e-mail between the parties, billing the defendant weekly via text message. These billing messages were quite informal. The plaintiff simply advised the defendant of the amount due for labor provided to date and the parties would arrange to meet for payment. A dispute arose when the plaintiff sought payment for work performed from October 17 through 19, 2022. On October 19, the plaintiff transmitted a message to the defendant calling due payment for these dates in the amount of $5,500.00, whereupon the defendant requested an itemization setting forth the labor supplied in support of this figure. In response, the plaintiff sent the defendant an e-mail containing a breakdown of the [*2]hours worked by each employee during this period at the rate of $55.00 per hour. After certain conciliatory adjustments in the defendant's favor, the amount due was determined by the plaintiff to be $4,070.00. The defendant objected to the invoice, claiming that the understanding was that the rate of pay would be the same $45.00 per hour the plaintiff charged that Spring when the plaintiff performed work for the defendant on the exterior of the residence. The defendant further claimed that the plaintiff was responsible for "faulty plumbing" and "falsely claiming work needed to happen that did not."
A person commencing a small claims action under Article 18 of the Uniform Justice Court Act is deemed to have waived all rights to appeal, except that either party may appeal on the sole grounds that substantial justice has not been done between the parties according to the rules and principles of substantive law (UJCA §1807). Judgments rendered in small claims cases are not to be disturbed upon appellate review unless they are clearly erroneous (Mullen v Lockwood, 129 AD3d 1269 [3d Dept 2015]; Borman v Purvis, 299 Ad2d 615 [3d Dept 2002]). A colorable argument supporting reversal of the justice court is insufficient. The determination appealed from must deviate so apparently from substantive law that it is shocking to the appellate court's sense of substantial justice (Coppola v Kandey Co., Inc., 236 AD2d 871 [4th Dept 1997]; Scaringe v Holstein, 103 AD2d 880 [3d Dept 1984]).
While the defendant was not unreasonable in his assumption that the plaintiff's hourly rate would remain the same $45.00 charged for work performed earlier that year, the plaintiff testified at trial that the nature of the interior work required higher skilled, therefore more costly, labor. Notwithstanding the reasonableness of the parties' individual impressions, it is clear to this court, as it was to the town court, that the plaintiff and the defendant had no meeting of the minds as to the hourly rate payable for the plaintiff's services. The defendant argues that in the absence of mutual assent as to this material term of the agreement, the plaintiff's claim must fail (see Kelly v Benson, 151 AD3d 1312, 1313 [3d Dept 2017]). Were the plaintiff limited to theories of liability in breach of contract, the defendant would be correct. The plaintiff has, however, sufficiently proven entitlement to recovery in quantum meruit. "A plaintiff seeking to recover on a cause of action sounding in quantum meruit must demonstrate: (1) the performance of services in good faith; (2) the acceptance of the services by the person to whom they are rendered; (3) an expectation of compensation therefor; and (4) the reasonable value of the services allegedly rendered" (Crown Construction Builders v Chavez, 130 AD3d 969, 971 [2d Dept 2015]). 
Turning now to the defendant's counterclaims, the defendant has failed to offer any support, be it legal or factual, for his claim that the plaintiff is responsible for the leaks discovered in the bathroom plumbing. It is undisputed that the leaks were the result of improperly or incompletely installed pipe fittings, however, this work was performed not by the plaintiff, but by a non-party plumber engaged by the defendant. Finally, in light of the court's determination that $55.00 per hour constitutes a reasonable value for the services rendered by the plaintiff, the defendant's claim of entitlement to a "credit" in the amount of $10.00 for each hour charged in connection with the interior work must also be dismissed.
Affording due deference to the factual findings and credibility determinations of the town court (see Pierce v Pastorello, 255 AD2d 622 [3d Dept 1998]), the court finds that the judgment is soundly and sufficiently supported in both law and fact so as to constitute substantial justice between the parties (Kelsey v McNally, 77 AD3d 1230, 1231 [3d Dept 2010]). 
Accordingly, it is hereby
ORDERED that the judgment of Stockport Town Court is affirmed.
Dated: August 19, 2025
Hudson, New York
Hon. Brian J. Herman
County Court Judge